IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SASON PARANDIAN and CAN, INC., d/b/a Coolworld, | }<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | } CIVIL ACTION NO. H-03-4685 |
| LOUIS CANALES and<br>SHERRY L. ROBINSON, individually, | }<br>}<br>} |
| Defendants. | } |

**OPINION ON DISMISSAL**

Pending before the court is the Motion (Docket Instrument No. 6) of Defendants, Louis Canales ("hereinafter "Canales") and Sherry L. Robinson ("Robinson"), moving in their official and individual capacities, to Dismiss the First Amended Complaint (Doc. 9) of Plaintiffs, Sason Parandian (hereinafter, "Parandian") and CAN, Inc., d/b/a Coolworld ("CAN"), in a suit originally filed in the District Court of Waller County, 155th Judicial District, Texas, and removed pursuant to diversity jurisdiction. Also pending is Plaintiffs, Parandian and CAN, INC., d/b/a Coolworld's ("CAN"), Motion for Extension of Time to file Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 15), and Defendants Response to Plaintiffs' Motion for Extension of Time. ( Doc. 17)

Whereas previously, Parandian brought suit against Canales and Robinson both in their individual and official capacities, presently in their First Amended Complaint, Parandian and CAN allege causes of action against defendants *only* in their individual capacities, and plaintiffs have now wholly omitted their prior claim for violation of their Fourteenth Amendment due process rights. However, after Parandian and CAN's First Amended Complaint was entered on February 23, 2004 (Doc. 9), and after Defendants had filed their Motion to Dismiss the First

Amended Complaint on September 28, 2004 (Doc. 13), although Plaintiffs filed a Motion for Extension of Time to File Plaintiffs' Response to Defendants' Motion to Dismiss on October 5, 2004 (Doc. 15), such a Response was never filed. A revised scheduling order was entered setting the discovery deadline to July 11, 2005, but no action and no pleadings have been filed in the instant action since those pleadings in October, 2004. The Court presumes that the action has been voluntarily abandoned by Plaintiffs, and under Local Rules 7.3 and 7.4, failure to file a timely opposition to the renewed Motion to Dismiss is taken by the Court as a statement of non-opposition. However, the Court notes the following with respect to Plaintiffs' claims.

Plaintiffs' First Amended Complaint alleged causes of action for common law conspiracy, malicious prosecution, intentional infliction of emotional distress, and tortious interference with contract. Prior to removal, Plaintiff filed this suit on September 22, 2003, against Louis Canales (hereinafter "Canales"), both individually and in his official capacity as Waller county Commissioner, Precinct 4, and Sherry L. Robinson ("Robinson") both individually, and in her official capacity as Waller County Criminal District Attorney. A claim against a governmental official in his or her official capacity is the same as a claim against the government entity which employs him or her. *See*, *e.g. University of Texas Med. Branch v. Hohman*, 6 S.W.3d 767, 775 ( Tex. App. - Houston [1st Dist.] 1999, pet. Dism'd.) Though the court's prior order recognizes that Plaintiffs, Parandian and CAN, in their First Amended Complaint now attempt to bring suit against Canales and Robinson *soley* in their individual capacities, Defendants point out that pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code, effective September 1, 2003 (2005) Plaintiffs are required to elect their remedies, and could not bring suit against Defendants both individually and officially. Ex. Civ. Prac. & Rem. Code § 101.106 states

> (a)  The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately forever bars any suit or recovery by the plaintiff against any individual employee of the government unit regarding the same subject matter.
>
> (b)  If a suit is filed under this chapter against both a government unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

- 2 -
-2-

Generally, governmental units are immune from suit; however, this immunity is waived in certain instances by the Texas Tort Claims Act ("TTCA"). *Urban v. Canada*, 963 S.@.2d 805, 808 (Tex. App. - San Antonio 1998, no writ) (*citing* Tex. Civ. Prac. & Rem. Code Ann. § 101.0021 (Vernon 1997 (describing liability); *cf*, § 101.057 (retaining immunity for intentional torts)). Even if a plaintiff does not explicitly mention it, when naming a governmental unit as a defendant, he invokes the TTCA, and upon dismissing the governmental unit, he does so under the TTCA and by operation of Section 101.106, the plaintiff's claims against the individual defendants are barred. *See Id.*, at 807-808. *See also Thomas v. Oldham*, 895 S.W.2d 352, 357-58 (Tex. 1995). Though the effects of this statute may be harsh, the plaintiff has the option of seeking relief only against the employee and not the governmental entity. *See Hallmark v. City of Fredricksburg*, 94 S.@.3d 703, 710 (Tex. App. - San Antonio 2002, pet denied).

Therefore, it would appear that Defendants are correct in that in initially suing Defendants in their official capacities, Plaintiffs forewent any suit against these same defendants in their individual capacities, and that by thereafter *amending* their complaint to allege claims against Defendants *solely* in their individual capacities, an amendment which this court permitted (Doc. 11), Plaintiffs essentially destroyed their own claims by alleging claims which they could no longer bring. (Doc. 13, p. 5.)

However, even if the court were to allow Plaintiffs to continue to plead against Defendants solely in their official capacities, rather than individually, namely allow them to plead against the government entities, Tex. Civ. Prac. & Rem. Code Ann. § 101.057 expressly provides that immunity is not waived for intentional torts. As Defendants argued in their first Motion to Dismiss (Doc. 6, p. 5), Plaintiffs' claims for intentional infliction of emotional distress, tortious interference with contract, and common law conspiracy claims would have dismissed.[1] *See Hohman*, 6 S.W.3d at 777; *See also Bates v. Dallas Indep. Sch. Dist.*, 925 S.W.2d 543, 551 (Tex. App. - Dallas 12997, writ denied) (discussing tortious interference with contract(. Furthermore,

---

[1] The court notes that Plaintiffs have also abandoned their Fourteenth Amendment, 42 U.S.C. § 1983 claims.

with respect to Robinson's actions as Waller County Criminal District Attorney, she would enjoy absolute immunity. *See Miller v. Curry*, 625 S.W.2d a84, 86-87 (Tex. App. - Fort Worth, writ refused n.r.e. (Feb. 17, 1982); *See also, Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976).

Accordingly, it is hereby

**ORDERED** that the Motion of Defendants, Louis Canales and Sherry L. Robinson, moving in their official and individual capacities, to Dismiss the First Amended Complaint of Plaintiffs, Sason Parandian and CAN, Inc. c/b/a Coolworld (Doc. 13) is **GRANTED**, and the instant action is **DISMISSED WITH PREJUDICE**; and, it is further

**ORDERED** that Plaintiffs' Motion for Extension of Time to File Plaintiff's Response to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 15) is **DENIED** as Plaintiffs have never filed such response.

**SIGNED** at Houston, Texas, this 19th day of September, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE